WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerald Jackson, | No. CV-21-08187-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Respondents answered on October 12, 2021. Petitioner was permitted to file a reply in support of his Petition within 30 days of the answer. (Doc. 3 at 3). Thus, Petitioner's reply, if any, was due by November 12, 2021 (November 11, 2021 was a holiday). No reply was filed by this date.

On November 16, 2021, Magistrate Judge Bibles issued a Report and Recommendation recommending that this Court deny the Petition. (Doc. 8). The Report and Recommendation mentions that Petitioner had failed to file the reply by November 11, 2021.

On November 19, 2021, Petitioner filed a motion for extension of time to file the reply in support of his Petition. (Doc. 9). (Petitioner did not lodge his proposed reply.) Petitioner offers no cause why this Court should extend this expired deadline. Thus, Petitioner's request will be denied.

Petitioner also seeks appointment of counsel. Indigent state prisoners applying for

habeas relief are not entitled to appointed counsel unless appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966). The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Report and Recommendation suggests there is a low likelihood of success on the merits due to Petitioner's failure to exhaust his claims in state court. (*See* Doc. 8). Additionally, Petitioner was able to articulate his claims pro se in his Petition. Thus, Petitioner's request for appointment of counsel is denied.

As noted in the Report and Recommendation, Petitioner may file objections to the Report and Recommendation. Those objections are due within the deadline set below.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for extension of time to file a reply and for appointment of counsel (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that any objections to the Report and Recommendation are due by December 23, 2021.

Dated this 1st day of December, 2021.

_____
James A. Teilborg
Senior United States District Judge